Anderson, J.,
delivered the opinion of the court.
The court is of opinion, that the reference made of this cause, to John II. Guy, to consider and decide the same as if sitting as chancellor, and to make a decree thereon, which shall be entered of record in the court in which it was depending, as if rendered by the said court, but with the privilege and right reserved to each side to appeal from the same, under the rules and regulations prevailing in appeals from the Circuit court to the court of Appeals, could not invest the said Guy with the functions of a chancellor or a judge, so as to pronounce a decree in the cause, which would have the force and effect of a decree of the court; so that a writ of execution could issue thereon, or an appeal be taken therefrom.
The court is also of opinion, that the record does not show that said paper, purporting to be a decree of John H. Guy, made by agreement of the parties, by their counsel, was adopted by the court, aud entered as its decree. But that, on the contrary, it appears the same was entered on the records of the court as the decree of John II. Guy, and was signed by him, and cannot therefore be regarded as having auy greater force or effect than the award of said John II. Guy,-the reference to him, by the counsel of the parties, being valid ; upon which we do not deem it proper, in the case as it is now pre- • sented, to give an opinion. The agreement of the parties, that the said award or decree should be entered on the records of the court as if rendered by the court (which was done), and reserving to either party the right to appeal therefrom to this court, could not take from the Circuit court its jurisdiction'to decide upon the validity of the award, or upon any objections that might be offered to its being made-the decree of the court; nor give to this court, which has only appellate juris *582 diction, authority to supervise the award before it had ^een passed upon by the Circuit court, or to entertain an appeal from the award itself, instead of a decree of the court upon the award ; which it seems was not made.
The numerous authorities, cited by the learned counsel, show that a writ of error, or appeal, will lie to or from a judgment, decree or order of a court, although the same may be void for want of jurisdiction in the court by whom it was rendered, or for other cause appearing upon the record. In those cases it was shown by the record, that a judgment of the court was entered in form; and as was said hy the court in Petty v. Duvall, 4 Greene’s R. 120, although a judgment non coram judice, it was still a judgment of a court. Upon it a writ of execution could have issued. But it is believed that no case can be fouud where a writ of error or an appeal has been held to lie to or from an award, or a decree of a referee, who was not invested, nor professed to be, by the constitution and laws, with the functions of a judge. It was entirely competent to the appellant to have made his objections to the said award Or decree of John H. Guy in the court below, even after it had been copied into the record of the court; or if an execution issued upon it before it was made the decree of the court, to have moved in the said cause to quash it. And if such motion had been overruled by the order or judgment of the court, his right to apply to the appellate court for a supersedeas would bo clear. But until there is a judgment, decree or order of the inferior court, by which the party is aggrieved, he is not entitled to the interposition of this court, by writ of error, appeal or supersedeas.
The court is of opinion, therefore, that this cause is not properly before it; and, consequently, that it is not proper to decide any other questions that have been raised upon the record ; the appeal having been prematurely allowed.
*583 The cause must therefore be remanded to the Circuit court, for further proceedings to be had therein.
The decree was as follows :
The court is of opinion, for reasons stated in writing and filed with the record, that there cannot be an appeal to this court from the award of an arbitrator, unless it be made the judgment or decree of the court from which the appeal is taken ; that the mere copy of the award in the proceedings of the court, though they be signed by the judge, does not make it the judgment or decree of the court; that the paper copied in the record, purporting to be the decree of John H. Guy, can, at most, be no more than his award, and not having been confirmed and entered as the decree of the court, there can be no appeal therefrom; and that this appeal was improvidently allowed. Therefore, it is decreed and ordered that the same be dismissed, and that the appellant pay to the appellee, Julia Belle Crane, her costs by her about her defence in this behalf expended. And, without deciding, or expressing any opinion on any of the questions argued in this case affecting the validity or correctness of the said award, which it would be premature to do, until they have been first passed upon by the court below, it is ordered that this case be remanded to the Chancery court of the eity of Richmond for further proceedings to be had therein. Which is ordered to be certified to the said Chancery court.
Appeal dismiss©©.